UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANNE GERGELY,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

The Defendant, HOME DEPOT U.S.A, INC., (hereinafter "Home Depot"), hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332, to remove to the United States District Court, Middle District of Florida, Tampa Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida (the "State Court"), Case 22-004656-CI, and styled, *DIANNE GERGELY, Plaintiff, v. HOME DEPOT U.S.A, INC., Defendant*, and in support of this Notice of Removal of Cause, states as follows:

### INTRODUCTION

1.    This action arises out of alleged damages sustained by Plaintiff, DIANNE GERGELY, at or around a Home Depot store located at 30144 U.S.

Highway 19 North in Clearwater, Pinellas County, Florida, on June 3, 2022. (*See* Compl. ¶¶ 3-5, attached hereto as **Exhibit "A"**).

2.  Plaintiff initiated this cause of action upon the filing of her Complaint on September 26, 2023. (*Id.*) Home Depot was subsequently served with the Complaint on October 6, 2022. (*See* Service of Summons, attached hereto as **Exhibit "B"**).

3.  Home Depot comes now and files this Notice of Removal based on diversity of jurisdiction, pursuant to 28 U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332.

## COMPLETE DIVERSITY OF CITIZENSHIP

4.  From approximately 2013 to the present, Plaintiff's primary residence has been within in Pinellas County, Florida. (*See* Pl. Ans. Interrogs. ¶ 3, attached hereto as **Exhibit "C"**).

5.  Home Depot knows of no other addresses for Plaintiff, including no other residences outside the State of Florida.

6.  Based on the foregoing, it is clear that Plaintiff is a citizen of Florida, as she is domiciled within the State, and would have the intention to return to her fixed and permanent home within the state if ever absent. *See Mikesell v. FIA Card Services,* 936 F.Supp.2d 1327, 1330 (M.D. Fla. 2013) ("A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning

whenever he is absent therefrom." ) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir.2002)).

7. Home Depot is a foreign corporation organized under the laws of the State of Delaware and which has its principal place of business in the state of Georgia at 2455 Paces Ferry Road in Atlanta, Georgia 30339. (*See* Defendant's Annual Reports, attached hereto as **Composite Exhibit "D"**). Home Depot is not organized under the laws of the state of Florida, and does not have its principal place of business in the State of Florida. Therefore, Home Depot is not a citizen of the State of Florida.

8. This Notice of Removal of Cause is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, and complete diversity of citizenship exists between the Plaintiff and Home Depot.

## AMOUNT IN CONTROVERSY

9. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this case exceeds the required $75,000 jurisdictional threshold.

10. As the party seeking removal, "Defendant bears the burden of establishing jurisdiction." *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *2 (M.D. Fla. Nov. 17, 2014). If a specific amount of damages is not pled, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the

jurisdictional requirement." *Houston*, 2014 WL 6469608, at *2 (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir.2001)).

11.     Here, Plaintiff's Complaint alleges damages in excess of the State Court's $30,000.00 jurisdictional threshold. (*See* Compl. ¶ 1, attached hereto as **Exhibit "A"**).

12.     As the basis for her damages, Plaintiff claims that she "suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition," and her injuries are "either permanent or continuing to Plaintiff, and Plaintiff will suffer such losses in the future." (*See* Compl. ¶ 8, attached hereto as **Exhibit "A"**).

13.     On January 16, 2023, in answering Home Depot's Interrogatories, Plaintiff provided a "Special Damages Summary," which reflects $170,015.39 in past total medical bills allegedly arising out of the incident at issue.[1] (*See* Pl. Ans. Interrogs. ¶ 12, attached hereto as **Exhibit "C"**; *see also* Special Damages Summary, attached hereto as **Exhibit "E"**).

---

[1] Of note, while the Special Damages Summary lists $41,972.04 in charges from Mease Dunedin Hospital in response to Home Depot's Interrogatory requesting, "*each item of expense or damage … you claim to have incurred as a result of the incident described in the Complaint*," (emphasis added), the following notation is under this charge: "RCVD BILL BUT UNRELATED – OE". Assuming Plaintiff does not intend to claim any of her charges from Mease Dunedin Hospital as damages, her past total damages would still exceed the jurisdictional threshold at $128,042.99.

4

14. Further, also on January 16, 2023, in response to Home Depot's Request for Production, Plaintiff produced her medical bills allegedly arising out of the incident at issue from Mease Countryside Hospital, Radiology Associates of Clearwater, Bay Area Orthopedics, and Sunstar Paramedics, which reflect a total of $102,507.74 in past medical charges. (*See* Medical Bills attached to Plaintiff's Response to Request for Production, attached hereto as **Composite Exhibit "F"**).

15. As an aside, even though Plaintiff's medical bills have been (or will be) covered by insurance, the jurisdictional threshold for the amount in controversy is nevertheless met.

16. This Court is replete in holding that "subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *See O'Toole v. Napa Home & Garden, Inc.*, No. 8:11-cv-2724-T-23AEP, 2012 WL 12904228 (M.D. Fla. June 26, 2012) ("That Florida law might require a set-off at final judgment that reduces [plaintiff's] final recovery to or below $75,000 does not affect the jurisdictional amount in controversy at the outset of litigation.").

17. Notwithstanding, Home Depot has met its burden of showing by a preponderance of the evidence that the amount in controversy surpasses the jurisdictional threshold of $75,000.00. Specifically, in addition to her past

medical bills, Plaintiff also claims to have sustained permanents injuries that have and will continue to cause:

- Pain and suffering;
- Disability;
- Disfigurement;
- Mental anguish;
- Loss of capacity for the enjoyment of life;
- Future medical treatment; and
- Loss of past and future earnings; and
- Loss of ability to earn money.

(*See* Compl. ¶ 8, attached hereto as **Exhibit "A"**).

18. Accordingly, Plaintiff's alleged and proffered damages satisfy the monetary jurisdictional threshold required under 28 U.S.C. §1332(a).

## SATISFACTION OF OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

19. Home Depot has filed with the Clerk of the State Court a Notice that this Cause has been removed. There has been no waiver by Home Depot of any right to remove this cause to the Federal Court. Filed under a separate Notice of Filing and incorporated herein are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

20. This Notice of Removal of Cause was timely filed within thirty (30) days of January 16, 2023, the date upon which Home Depot first ascertained that this case is removable through Plaintiffs discovery responses served on

this date that allege the amount in controversy exceeds $75,000.[2] (*See* Pl. Ans. Interrogs. ¶ 12, attached hereto as **Exhibit "C"**; *see also* Special Damages Summary, attached hereto as **Exhibit "E"**; *see also* Medical Bills attached to Plaintiff's Response to Request for Production, attached hereto as **Composite Exhibit "F"**).

21.  The undersigned are the attorneys for Home Depot and have been authorized to act in seeking removal of this cause to the Federal Court.

WHEREFORE, Defendant, Home Depot, hereby removes this cause from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, to the United States District Court, Middle District of Florida, Tampa Division, and requests that all further proceedings be conducted in this Court as provided by law.

RESPECTFULLY SUBMITTED this **7th day of February 2023**.

> By: */s/ Meghan L. Theodore*
> Anthony J. Petrillo
> Florida Bar No.: 874469
> Meghan L. Theodore
> Florida Bar No. 52054
> Matthew P. Moschell
> Florida Bar No.: 1018921

---

[2] "Pursuant to 28 U.S.C. § 1446(b)(1), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable.*" (Emphasis added).

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this date, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system and an electronic copy was furnished to: **Stephen A. Barnes, Esq.** and **Adam D. Rieth, Esq.**, Barnes Trial Group, 1104 N. Howard Avenue, Tampa, FL 33607, btgservice@barnestrialgroup.com; *Counsel for Plaintiff*; via the CM/ECF system, on this **7th day of February 2023**.

**LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND**
100 N Tampa Street, Suite 2120
Tampa, FL 33602
Tel: 813/226-0081;
Fax: 813/226-0082
Primary: LuksTpa-Pleadings@LS-Law.com
Secondary: Mtheodore@insurancedefense.net
Tertiary: MMoschell@insurancedefense.net
*Counsel for Defendant, Home Depot, U.S.A., Inc.*

***/s/ Meghan L. Theodore***
**ANTHONY J. PETRILLO, ESQ.**
*Board Certified Civil Trial Lawyer*
Florida Bar No. 874469
**MEGHAN L. THEODORE, ESQ.**
Florida Bar No. 52054
**MATTHEW P. MOSCHELL, ESQ.**
Florida Bar No. 1018921